# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07CV314-H

| | |
|---|---|
| **NEWGEN TECHNOLOGIES, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NOEL M. CORCORAN, and THOMAS C. PLUMMER,**<br><br>**Defendants.** | **MEMORANDUM AND ORDER OF DISMISSAL AND ENTRY OF DEFAULT** |

**THIS MATTER** is before the Court on the Defendants' "Motion to Dismiss and for Judgment on Counterclaims Based on Plaintiff's Failure to Prosecute [including argument and authorities]" (document #22) filed May 6, 2008.

The pro se corporate Plaintiff has not responded to the Defendants' Motion.[1] Moreover, the Plaintiff has not retained counsel as it was ordered to do on or before May 1, 2008. See "Order" filed April 7, 2008 (document #21) (granting Plaintiff's counsel's Motion to Withdraw and ordering pro se corporate Plaintiff to retain replacement counsel).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this Motion is now ripe for determination.

On July 11, 2007, the Plaintiff Newgen Technologies, Inc., a Nevada corporation with its principal office in Charlotte, North Carolina, filed, through its then-counsel, a Complaint in the Superior Court of Mecklenburg County, North Carolina. Pursuant to breach of contract, fraud, and

---

[1]The Plaintiff has also failed to respond to the Defendants' "Motion to Compel Discovery Responses" (document #19) filed March 31, 2008.

a host of other related state law claims, the Plaintiff sought approximately $30 million ($30,000,000) in compensatory and punitive damages from Defendants Noel M. Corcoran, the former Chairman of the Plaintiff's Board of Directors, the Plaintiff's largest shareholder, and a citizen of Ireland, and Thomas C. Plummer, a consultant formerly employed by the Plaintiff, one of Plaintiff's other shareholders, and a Tennessee citizen, essentially arising from the Defendants' alleged conspiracy to appropriate for themselves the Plaintiff's opportunity to construct a bio-diesel fuel manufacturing facility.

On August 7, 2007, the Defendants removed the state court action to the United States District Court for the Western District of North Carolina, citing federal diversity subject matter jurisdiction. Said removal has not been challenged and appears proper.

On August 20, 2007, the Defendants filed their unverified "Answer and Counterclaim[s]," denying any wrongdoing and seeking to recover damages as follows:

1. First Counterclaim: the unpaid balance on a promissory note dated December 20, 2006, memorializing a $2,644,400 loan that Defendant Corcoran had made to the Plaintiff, and accruing 10% annual interest through July 4, 2007, and 13% thereafter. In their present Motion, the Defendants state that the principal balance on this note is $993,337.76.

2. Second Counterclaim: the unpaid balance on a promissory note dated February 15, 2007, memorializing a $850,000 loan that Defendant Corcoran had made to the Plaintiff, and accruing 10% annual interest through July 10, 2007, and 13% thereafter. In their present Motion, the Defendants state that the balance of unpaid principal and interest on this note is $2,087,150.91.

3. Third Counterclaim: the Plaintiff's breach of a letter of intent to sell four fuel storage terminals to the Defendant Corcoran for a total contract price of $10 million ($10,000,000).

4. Fourth Counterclaim: the Defendants seek the dissolution of the Plaintiff due to "gross mismanagement" by the Board of Directors.

5. Fifth Counterclaim: pursuant to the Plaintiff's Articles of Incorporation and By-Laws, the Defendants seek indemnification of all of their costs, expenses and other "damages," including attorneys' fees, incurred in this lawsuit. In their present Motion, the Defendants offer to submit an Affidavit detailing these items.

6. Sixth Counterclaim: Defendant Corcoran seeks unpaid Directors fees. In an Affidavit attached to the present Motion, Defendant Corcoran avers that he is entitled to recover $92,631.40 in unpaid Directors fees.

On September 19, 2007, the undersigned issued a Pretrial Order and Case Management Plan, setting among other deadlines the completion of discovery for June 17, 2008 and the filing of dispositive motions for July 18, 2008.

On November 13, 2007, the undersigned conducted the Initial Pretrial Conference in chambers with the parties' counsel. There is no indication in the record that the Plaintiff has taken any action to prosecute its claims since that date.

On January 15, 2008, the Defendants served their First Set of Interrogatories and First Set of Requests for Production of Documents. Through the present date, and notwithstanding the filing of the Defendants' Motion to Compel on March 31, 2008, the Plaintiff has made no response to the Defendants' discovery requests and, as noted above, has failed to respond to the Defendants' discovery motion.

On March 3, 2008, the Plaintiff's counsel, Samuel H. Poole, Jr., moved to withdraw "as a result of a breakdown in communication with the [Plaintiff] and due to financial reasons."

Document #18.

On April 7, 2008, the undersigned <u>granted</u> Mr. Poole leave to withdraw, ordered the Plaintiff to retain replacement counsel on or before May 1, 2008, and granted leave to the Defendants to file a "motion requesting appropriate relief" in the event the Plaintiff did not retain replacement counsel and otherwise begin to prosecute this action. <u>See</u> "Order"(document #21). At the Court's direction, the Clerk's office mailed a copy of this Order to the Plaintiff at its principal office (6000 Fairview Road, 12th Floor, Charlotte, NC 28210) which was returned as undeliverable, and also emailed a copy to an email address that Mr. Poole provided (interfacial@aol.com). <u>See</u> docket entries dated April 14, 2008. Mr. Poole has also informed chambers' staff telephonically that he served a copy of the Order on his former client and that it was received. Chambers' staff attempted to reach the Plaintiff telephonically and was informed by the person answering the telephone (who was not affiliated with the Plaintiff) that the Plaintiff had closed its office and "moved."

On May 6, 2008, and having heard nothing from the Plaintiff, the Defendants filed the subject "Motion to Dismiss and for Judgment on Counterclaims Based on Plaintiff's Failure to Prosecute" (document #22). The Defendants attempted to serve copies of the Motion on the Plaintiff by certified mail at the address of its North Carolina registered agent (CT Corporation System, 225 Hillsborough Street, Raleigh, NC 27603) and at the address of Bruce Wunner, the Plaintiff's "Officer/Director and/or Managing Agent" (8907 South Indian River Drive, Fort Pierce, FL 34982). <u>See</u> Document #22 at 6. The Defendants aver that the copy of the Order mailed to the Plaintiff's North Carolina registered agent was received. <u>See</u> document #23.

In their Motion, the Defendants seek dismissal of the Plaintiff's claims and entry of default judgment on their counterclaims. Defense counsel has communicated to chambers' staff

telephonically that in the event that the Court enters default against the Plaintiff, the Defendants will prepare Affidavits and other evidence to support their damages claims, and are prepared to appear at a hearing for that purpose as well.

Concerning the Plaintiff's failure to retain substitute counsel, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Accord Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (dismissing Complaint of pro se corporate plaintiff); Microsoft Corp. V. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004) (same); and Lexis-Nexis v. TraviShan Corp., 155 N.C. App. 205, 208, 573 S.E.2d 547, 549 (2002) (same).[2]

Moreover, dismissal and/or entry of default judgment are certainly appropriate where a party fails to prosecute and/or defend. See Fed. R. Cir. P. 41(b) ("if the plaintiff fails to prosecute" the complaint may be dismissed and such dismissal is within trial court's discretion); Fed. R. Cir. P. 55(a) ("when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the party is in default); and Home Port Rentals, Inc., v. Ruben, 957 F.2d 126, 133 (4th Cir. 1992) (where after filing Answer, defendants ignored discovery requests from opposing party and communication from the court, and made no other effort to defend, entry of default under

---

[2]While recognizing that unpublished opinions have no precedential value, the undersigned notes that the Fourth Circuit Court of Appeals has affirmed the entry of default judgment against a pro se corporate defendant that failed to retain counsel. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d. 887 (table) 1998 WL 112719, *1 (4th Cir. 1998) ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel"). See also Rhino Assoc., L.P. v. Berg. Manuf. & Sales Corp., 2008 U.S. Dist. LEXIS 2379 (M.D. Pa. 2008) (granting default judgment against corporate defendant where court allowed counsel to withdraw, set a deadline for retaining replacement counsel, and defendant did not comply); Blakewell v. Fed. Fin Group, Inc., 2007 U.S. Dist. LEXIS 82279 (N.D. Ga. 2007) (same); and Microsoft Corp. v. Moss, 2007 U.S. Dist. LEXIS 73672 (N.D. Ga. 2007) (same).

5

Rule 55 was proper).

Applying these legal principles to the record in this case, the Court concludes that following the Plaintiff's failure to retain substitute counsel as it was <u>ordered</u> to do, to otherwise make any effort to prosecute its claims or defend against the Defendants' counterclaims, or even to respond to the Court's attempts to contact the Plaintiff, the Defendants are entitled to dismissal of the Complaint and entry of default on their Counterclaims. Recognizing, however, that further documentation of the Defendants' damages is necessary, the Court will <u>hold in abeyance</u> the Defendants' request for a default judgment. Moreover, once this additional damages evidence has been received, the Court will decide whether a hearing is also necessary.

**NOW THEREFORE, IT IS ORDERED**:

1. The Defendants' "Motion to Dismiss and for Judgment on Counterclaims Based on Plaintiff's Failure to Prosecute" (document #22) is **GRANTED IN PART**, that is:

   a. The Complaint is **DISMISSED**.

   b. The Court **ENTERS DEFAULT** against the Plaintiff on the Defendants' Counterclaims.

   c. The portion of the Defendants' Motion that seeks a default judgment is **HELD IN ABEYANCE**.

2. On or before July 13, 2008, the Defendants shall submit Affidavits and other documentary evidence supporting their damages claims.

3. The Clerk is directed to send copies of this Memorandum and Order of Dismissal and Entry of Default to counsel for the Defendants; <u>and to the pro se Plaintiff at the mailing addresses listed below</u>:

Newgen Technologies, Inc.
6000 Fairview Road, 12th Floor
Charlotte, NC 28210

CT Corporation System
Registered Agent for Newgen Technologies, Inc.
225 Hillsborough Street
Raleigh, NC 27603

Newgen Technologies, Inc.
c/o Bruce Wunner
8907 South Indian River Drive
Fort Pierce, FL 34982

    4.  <u>The Clerk is further directed to send a copy of this Memorandum and Order of Dismissal and Entry of  Default to the Plaintiff at the following email address: interfacial@aol.com.</u>

    **SO ORDERED, ADJUDGED, AND DECREED**.

    Signed: June 3, 2008

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge